**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ROBERT SIMMONS,** : | |
| : | |
| Petitioner : | |
| : | CIVIL NO. 3:CV-14-2230 |
| v. : | |
| : | (Judge Caputo) |
| **WARDEN DONNA ZICKEFOOSE,** : | |
| : | |
| Respondent : | |

**M E M O R A N D U M**

**I.   Introduction**

On November 18, 2014, Robert M. Simmons, an inmate confined at the Allenwood United States Penitentiary (USP Allenwood), in White Deer, Pennsylvania, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Mr. Simmons challenges a prison disciplinary proceeding where he was found guilty of "assault without serious injury". (Doc. 1, Pet.) He was sanctioned with a loss of twenty one days' good conduct time. (*Id*.)

Mr. Simmons alleges that he is innocent of the offense charged and that the incident report was falsified as demonstrated by the video recording of the incident. As relief, Mr. Simmons seeks restoration of his good time credits and expungement of the incident report. (*Id*.) In part, Respondent opposes the petition by arguing that Mr. Simmons has failed to exhaust his administrative remedies prior to seeking judicial relief. (Doc. 5.) Mr. Simmons did not file a reply.

For the reasons that follow the petition will be dismissed.

## II.     Standard of Review

The Due Process Clause of the Fourteenth Amendment protects prisoners from being deprived of life, liberty, or property without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556, 94 S.Ct. 2963, 2974, 41 L.Ed.2d 935 (1974); *Burns v. PA Dept. of Corr.*, 642 F.3d 163, 170 (3d Cir. 2011). Because federal inmates have a protected liberty interest in good-time credit, it cannot be taken without minimum procedural due process protection. *Denny v. Schultz*, 708 F.3d 140, 143-44 (3d Cir. 2013).

A challenge to a disciplinary action that resulted in the loss of good time credit is actionable under § 2241 because it affects the duration of the Mr. Simmons's sentence. *Queen v. Miner*, 530 F.3d 253, 254 n.2 (3d Cir. 2008).

## III.    Background

On July 26, 2013, Mr. Simmons was issued incident report 2471496 for "assaulting any person," a violation of Code 224. (Doc. 5-1, ECF p. 9.) The reporting officer described the incident as follows:

> On July 26, 2013, a review of the CCTV Recording on Unit 4B at 5:47am, was conducted due to an assault on inmate Merchant, Derek, Reg. No. 15902-067. The CCTV captures the images of inmate Evans, Richard, Reg. No. 44205-037 and inmate Simmons, Robert, Reg. No. 43170-037, enter cell 203 of inmate Merchant at 5:53 am with inmates Merchant, Evans and Simmons exiting the cell at 6:01:57 with inmate Merchant holding his head and Evans and Simmons leaving the area to return to their assigned cell 212. CCTV also revealed at no time did any other inmate enter Merchant's cell between the time the unit was unlocked and the time of the assault.

(*Id*.)  Mr. Simmons told the Unit Disciplinary Committee (UDC) that "It's not true" when confronted with the charge.  (*Id*.)  On August 1, 2013, the UDC referred the matter to the Disciplinary Hearing Officer (DHO).  (*Id*.)  On August 21, 2013, the DHO found Mr. Simmons guilty of the offense charged and sanctioned him twenty one days' loss of good conduct time.  (Doc. 1, ECF p. 2.)

On August 11, 2014, almost a year after the DHO hearing, Mr. Simmons filed an appeal to the BOP's Northeast Regional Director.  (Doc. 1, ECF p. 2 and p. 10; Doc. 5-1, ECF p. 17.)  The appeal was rejected on August 19, 2014, due to Mr. Simmons failure to provide a copy of the DHO report he wished to appeal or identify the charges and date of the DHO action.  (Doc. 1, ECF p. 11; Doc. 5-1, ECF p. 17.)  On September 2, 2014, Mr. Simmons filed an appeal to the BOP's Central Office.  (Doc. 1, ECF p. 12.)  On October 10, 2014, the appeal was rejected by Central Office for the reasons cited by the Northeast Regional Director.  (Doc. 1, ECF p. 5; Doc. 5-1, ECF p. 17.)  Mr. Simmons did not file any further administrative remedies concerning incident report 2471496.  (Doc. 1, ECF p. 3.)

## IV.   Discussion

"Federal prisoners are ordinarily required to exhaust their administrative remedies before petitioning for a writ of habeas corpus pursuant to § 2241." *Moscato v. Federal Bureau of Prisons,* 98 F.3d 757, 760 (3d Cir. 1996).  *See also Vasquez v. Strada*, 684 F.3d 431, 433 (3d Cir. 2012).  Accordingly, before the court can reach the merits of the Petition, the court must address Respondent's exhaustion argument.

The BOP has established a multi-tiered process for a federal prisoner to seek formal review of any aspect of his imprisonment.  *See* Doc. 5-1, Sullivan Decl., ECF pp. 1-3, citing 28 C.F.R. §§ 542.10-542.19.  A challenge to a DHO decision begins with an appeal to the regional director.  (*Id.* § 542.14(d)(2).)  An inmate has twenty calendar days to file an appeal of a DHO's decision with the regional director.  (*Id.*, § 542.15(a).)  If unsuccessful before the regional director, the inmate may appeal to the general counsel (the Central Office) within thirty days of the regional director's decision.  (*Id.* § 542.15(a).)  No administrative remedy appeal is considered to have been fully and finally exhausted until it has been denied by the BOP's Central Office.  (Doc. 5-1, Sullivan Decl., ECF p. 3.)

An exception to this process is made for appeals of DHO decisions.  28 C.F.R. § 542.14.  DHO appeals are to be submitted initially to the Regional Director and then to the Central Office.  (*Id.*; 28 C.F.R. § 542.15.)  No administrative appeal is considered fully exhausted until it has been considered by Central Office.  28 C.F.R. § 542.15.

As Respondent points out, Mr. Simmons failed to properly exhaust his administrative remedies by not complying with the Regional Office's and Central Office's instructions to attach a copy of the DHO report to his appeal.  He was given the opportunity to resubmit his appeal with a copy of the DHO report.  He did not, and therefore, failed to exhaust his available administrative remedies.

The court will dismiss the Petition for failure to exhaust administrative remedies.  A certificate of appealability will not issue since Mr. Simmons has the

-4-

right to appeal today's order to the Third Circuit Court of Appeals without a certificate.  *See Burkey v. Marberry*, 556 F.3d 142, 146 (3d Cir. 2009).

An appropriate Order follows.

**/s/ A. Richard Caputo**
**A. RICHARD CAPUTO**
**United States District Judge**

**Date: January 19, 2016**